IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLAXO GROUP LTD and SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE,<br><br>        Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC.,<br><br>        Defendant. | C.A. No. 07-713 (JJF) |

**ANSWER AND DEFENSES OF DEFENDANT
TEVA PHARMACEUTICALS USA, INC.**

Defendant Teva Pharmaceuticals USA, Inc. ("Teva USA"), by and through its attorneys, hereby answers the Complaint as follows:

1. Teva USA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint, and therefore denies them.

2. Teva USA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint, and therefore denies them.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted for the purpose of this action only.

7. Teva USA incorporates its Answer to each of the preceding Paragraphs 1-5 as if fully set forth herein.

1

8. Teva USA admits that United States Patent No. 5,859,021 ("the '021 patent") issued on January 12, 1999 and that the '021 patent bears the title "Antiviral Combination." Teva USA denies the remaining allegations in Paragraph 8 of the Complaint.

9. Teva USA is without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint, and therefore denies them.

10. Teva admits that the United States Food and Drug Administration ("FDA") granted approval of New Drug Application ("NDA") No. 20-857 to sell tablets containing 150 mg of lamivudine and 300 mg of zidovudine. Teva admits that the tablets approved under NDA No. 20-857 "are sold in the United States under the tradename COMBIVIR®." Teva is without sufficient information to form a belief as to truth of the remaining allegations of Paragraph 10 of the Complaint as stated, and therefore denies the remaining allegations of Paragraph 10 of the Complaint.

11. Admitted.

12. Teva USA admits that it notified Glaxo that, as part of its ANDA, Teva had filed certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355 (j)(2)(A)(vii)((IV). Teva USA denies the remaining allegations of Paragraph 12 of the Complaint.

13. Teva USA denies the allegations of Paragraph 13 of the Complaint as stated, but Teva USA admits that its submission of ANDA No. 79-081 creates a cause of action for infringement, pursuant to 35 U.S.C. § 271(e)(2)(A).

14. Teva USA denies each and every allegation in Paragraph 14 of the Complaint.

15. Teva USA denies each and every allegation in Paragraph 15 of the Complaint.

16. Teva USA denies each and every allegation in Paragraph 16 of the Complaint.

17. Teva USA denies each and every allegation in Paragraph 17 of the Complaint. Teva USA admits that it was aware of the existence of the '021 patent and Teva USA admits Teva USA is aware that the filing of its ANDA and certification with respect to the '021 patent is actionable under 35 U.S.C. § 271(e)(4).

18. Teva USA denies each and every allegation in Paragraph 18 of the Complaint.

## FIRST DEFENSE

19. The drug product for which Teva USA has filed its Abbreviated New Drug Application (ANDA) will not infringe any valid claim of the '021 patent.

## SECOND DEFENSE

20. The '021 patent and each of the claims allegedly infringed by Teva USA are invalid for failure to comply with one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103 and/or 112.

**WHEREFORE**, Teva USA requests entry of a judgment:

A. Dismissing Plaintiffs' Complaint with prejudice;

B. Denying all relief requested by Plaintiffs and any relief to Plaintiffs whatsoever;

C. That Teva USA has not infringed and is not infringing any valid and enforceable claim of the '021 patent;

D. Awarding Teva USA reasonable attorneys' fees pursuant to, *inter alia*, 35 U.S.C. § 285;

E. Awarding Teva USA its costs of this action; and

F.   Awarding to Teva USA such additional relief as this Court deems just and proper.

>YOUNG CONAWAY STARGATT &
>TAYLOR, LLP
>
>*/s/ Karen E. Keller*
>_____
>Josy W. Ingersoll (No. 1088)
>John W. Shaw (No. 3362)
>Karen E. Keller (No. 4489)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801
>(302) 571-6600
>kkeller@ycst.com
>
>Attorneys for Defendant
>TEVA PHARMACEUTICALS USA, INC.

Of Counsel:

Bruce M. Gagala
M. Daniel Hefner
Douglas A. Robinson
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza - Suite 4900
Chicago, Illinois  60601
(312) 616-5600

Dated:  November 27, 2007

4

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on November 27, 2007, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Jack B. Blumenfeld, Esq. *[jblumenfeld@mnat.com]*
> Karen Jacobs Louden, Esq. *[klouden@mnat.com]*
> Morris Nichols Arsht & Tunnell LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899-1347

I further certify that on November 27, 2007, the foregoing document was caused to be served by hand delivery upon the above-listed counsel and on the following counsel as indicated.

BY E-MAIL

> Robert L. Baechtold, Esq. *[rbaechtold@fchs.com]*
> Scott K. Reed, Esq. *[sreed@fchs.com]*
> Steven C. Kline, Esq. *[skline@fchs.com]*
> Ha Kung Wong, Esq. *[hwong@fchs.com]*
> Fitzpatrick, Cella, Harper & Scinto
> 30 Rockefeller Plaza
> New York, NY 10112

*/s/ Karen E. Keller*
Karen E. Keller (No. 4489)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
kkeller@ycst.com